**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| **KACIE LESKY and GWEN CHRISTIANSEN,** <br><br> **Plaintiffs,** <br><br> **v.** <br><br> **DORIS BONIALL; METROPOLITAN DIRECT PROPERTY AND CASUATLY INSURANCE COMPANY; FARMERS DIRECT PROPERTY AND CASUATLY INSURANCE COMPANY; PROGRESSIVE HAWAII INSUARNCE CORPORATION** <br><br> **Defendants.** | : | **CIVIL ACTION NO.: 1:23-cv-372** |

**NOTICE OF REMOVAL**

COMES NOW, Defendant, PROGRESSIVE HAWAII INSURANCE CORPORATION, (hereinafter, "Progressive") and removes this case to the United States District Court for the Southern District of Alabama, and as grounds therefore, respectfully shows unto the Court the following:

1. Plaintiffs Kacie Lesky (hereinafter "Lesky") is a citizen of the state of Alabama (Exhibit A, Complaint and State Court Record).

2. Plaintiff Gwen Christiansen (hereinafter, "Christensen") is a citizen of the state of Tennessee (Ex. A, ¶ 2).

3. Defendant Doris Bonilla (hereinafter, "Bonilla") is a citizen of the state of Mississippi (Ex. A, ¶ 3). Bonilla has not appeared despite having been served.[1]

[1] It is the undersigned's understanding and belief that a settlement agreement has been reached with Bonilla or is at least in the process of being reached. Nonetheless, Bonilla has not appeared as of the date of this filing. The consent

4. Defendant Progressive is a corporation organized pursuant to the laws of the state of Ohio and has its principal place of business in Ohio.

5. Defendants Metropolitan Direct Property and Casualty Insurance Company (hereinafter, "Metropolitan") is a corporation organized pursuant to the laws of the state of Rhode Island and believed to have their principal place of business outside the state of Alabama.

6. Jurisdiction is hereby based upon diversity jurisdiction of citizenship, pursuant to 28 U.S.C. 1332(a), 28 U.S.C. 1441(a), and 28 U.S.C. 1446.

7. A copy of the complete state court record is attached hereto as "Exhibit A."[2]

8. This case arises out of a motor vehicle accident that occurred on June 26, 2021, in Mobile County, Alabama. Plaintiffs Lesky and Christiansen allege that Defendant Bonilla negligently and/or wantonly operated an automobile so as to cause or allow it to collide with an automobile occupied by Lesky and Christiansen, thereby resulting in the collision between the two automobiles allegedly causing bodily injuries and other damages to the Plaintiffs (Ex. A, ¶ 14)

9. On September June 26, 2023, Lesky and Christiansen filed this lawsuit in the Circuit Court of Mobile County, Alabama, asserting claims of negligence and/or wantonness against Bonilla. Christiansen has asserted a claim for underinsured motorist benefits against Progressive as a result of injuries and damages resulting from the accident. Lesky has asserted a claim for underinsured motorist benefits against Metropolitan as a result of injuries and damages resulting from the accident. In the Plaintiffs' complaint, they alleged that they suffered damages including personal injury, permanent injury, physical pain and suffering (past and future), mental and emotional anguish (past and future), and general damages. *Id.* Both Plaintiffs seek compensatory and punitive

---

to removal from Farmers Direct Property and Casualty Ins. Co. and Metropolitan Direct Property and Casualty Ins. Co. is attached as Exhibit E.

[2] Exhibit A has been Bates labeled sequentially beginning with the designation "Record 001."

damages against Defendants as well as interest and cost of litigation. *Id.* Plaintiffs seek both compensatory and punitive damages against Bonilla and damages under Plaintiff Lesky's policy of insurance with Metropolitan, as well as interest and cost of litigation (Ex. A, ¶ 10). However, the Complaint does not assert a specific monetary amount being sought.

10. On September 26, 2021, Christiansen was insured through a policy of insurance issued by Progressive, which provided insurance coverage for uninsured/underinsured motorist benefits. (Ex. A, ¶ 11). Through the Christiansen's policy of insurance with Progressive, the applicable policy limits for uninsured/underinsured motorists coverage are $250,000.00 as set out in the policy's declarations page. Because no appearance has been made in state court on behalf of Bonilla, the amount of her automobile liability insurance coverage has not been confirmed yet in formal discovery.

11. Under federal law, "diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000.00" Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001) (citing 28 U.S.C. § 1332(a)). Therefore, removal jurisdiction based upon diversity mandates: (1) a complete diversity of citizenship between the plaintiff(s) and the defendant(s); and (2) satisfaction of the amount in controversy requirement. Jones v. Novartis Pharmaceuticals Co., 952 F. Supp. 2d 1277 (N.D. Ala. 2013).

## I. DIVERSITY OF CITIZENSHIP

12. 28 U.S.C. § 1446 (b)(2)(A) requires "All defendants who have been **properly joined and served** must join in or consent to the removal if the action." 28 U.S.C. § 1446 (b)(2)(A) (emphasis added). Lesky is a citizen of the State of California, Christiansen is a citizen of the State of Tennessee, Bonilla is a citizen of the State of Mississippi, Progressive is a citizen of the State of

Ohio and Metropolitan is believed to be a citizen of the State of Rhode Island. Therefore, complete diversity of citizenship is satisfied for removal jurisdiction in this case and the only remaining issue is whether the amount in controversy exceeds $75,000.00.

**II. AMOUNT IN CONTROVERSY**

13. Under circumstances where "a plaintiff has made unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the…jurisdictional requirement." Tapscott v. MS Dealer Corp., 77 F.3d 1353, 1357 (11th Cir. 1996), abrogated on other grounds by Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000). Although the removing defendant may submit evidence demonstrating the propriety of removal, in some cases, "it may be facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when the complaint does not claim a specific amount of damages." Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 (11th Cir. 2010). This Court should consider the entirety of the allegations in the Complaint, as referenced above, while the Court should also use judicial experience and common sense in deciding whether the case meets federal jurisdictional requirements. Jones v. Novartis Pharmaceuticals Co., 952 F. Supp. 2d 1277 (N.D. Ala. 2013). Furthermore, while the burden is on the defendant, a removing defendant "is not required to prove the amount in controversy beyond all doubt or to banish all certainty about it." Pretka v. Kolter City Plaza, Inc., 608 F.3d 744, 754 (11th Cir. 2010). Rather, the Court is entitled to utilize reasonable deduction, reasonable inferences, and other reasonable extrapolations from the assertions in the Complaint to determine if it appears to be facially apparent that a case is removable. Jones v. Novartis, 952 F. Supp. 2d 1277 (N.D. Ala. 2013).

14. In this case, each Plaintiff is seeking damages in excess of $75,000. Although the Complaint filed herein does not assert a certain monetary amount being sought, on August 2, 2023, Progressive issued written discovery to the Plaintiffs which in part included request for admission of facts. Plaintiffs Lesky and Christiansen responded separately to Progressive's request for admission on September 1, 2023. In response to Defendants' request for admissions (Exhibit B) Plaintiff Lesky responded to the following:

**REQUESTS FOR ADMISSIONS**

1. The amount in controversy in this matter exceeds the sum of $75,000.00 exclusive of interest and costs.

**ANSWER: Admit.**

2. This case satisfies the "amount in controversy" requirements of 28 USC § 1332.

**ANSWER: Admit.**

3. You are seeking an award of more than $75,000.00 to satisfy all of the claims stated in your complaint.

ANSWER: Admit.

4. You will accept more than $75,000.00 in compensatory and punitive damages, plus interest and costs of court.

**ANSWER: Admit.**

5. There is evidence which supports an award of damages in this case exceeding $75,000.00 including compensatory and punitive damages.

**ANSWER: Admit**.

6. The proper measure of damages, if any, exceeds $75,000.00 inclusive of all claims for compensatory and punitive damages.

**ANSWER: Admit.**

Plaintiff Christiansen responded to Progressive's request for admissions (Exhibit C) in the following on September 1, 2023:

**REQUESTS FOR ADMISSIONS**

1. The amount in controversy in this matter exceeds the sum of $75,000.00
exclusive of interest and costs.

**ANSWER: Admit.**

2. This case satisfies the "amount in controversy" requirements of 28 USC §1332.

**ANSWER: Admit**.

> 3. You are seeking an award of more than $75,000.00 to satisfy all of the claims stated in your complaint.
> **ANSWER: Admit**.
> 4. You will accept more than $75,000.00 in compensatory and punitive damages, plus interest and costs of court.
> **ANSWER: Admit**.
> 5. There is evidence which supports an award of damages in this case exceeding $75,000.00 including compensatory and punitive damages.
> **ANSWER: Admit**.
> 6. The proper measure of damages, if any, exceeds $75,000.00 inclusive of all claims for compensatory and punitive damages.
> **ANSWER: Admit.**

15. Plaintiffs' responses to Progressive's Request for Admissions makes this case similar to Murchison v. Progressive Northern Ins. Co., 564 F. Supp. 2d 1311 (E.D. Okla. 2008). In Murchison, the Plaintiff filed a complaint in Oklahoma state court alleging the Defendant breached its insurance contract, acted negligently and acted in bad faith and Defendant sought removal from state to federal court. Id at 1313. The Court in Murchison noted that

> "Plaintiff requests damages in an amount in excess of ten thousand dollars on each of her three claims. On her negligence claim, she requests "economic damages, out of pocket expenses for medical care received as a result of the accident, rehabilitation costs as a result of injuries sustained in the accident, [and] emotional pain and suffering." On her bad faith claim, she states that she "has suffered emotional, physical and economical damages.""

Id. In Murchison, the Plaintiff served the Defendant with responses to Defendant's Interrogatories and Request for Admissions. Defendant's fifth request for admission was "Admit that Your (sic) total alleged damages against Progressive do not exceed $75,000.00." Id. Plaintiff objected to the request, arguing that it violated the Oklahoma pleading code but ultimately denied the request. Id. Further, the Murchison Court held than an evasive answer to a request for admission regarding the amount of damages will be construed against the evading party. Id at 1316. In this case given the Plaintiffs clearly admit they are seeking damages in excess of

$75,000.00 each. Therefore, the Court should find the damages sought in this matter satisfy the jurisdictional requirements.

16. Based upon Plaintiffs own admissions in written discovery responses under Request for Admissions as well as the totality of the circumstances, the Plaintiffs are each clearly making a claim in an amount in excess of $75,000.00 in controversy in this case. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010) ("When determining if the defendant has satisfied this burden [to establish jurisdiction by a preponderance of the evidence], the court will consider first whether it is facially apparent from the complaint that the jurisdictional amount is in controversy. If it is not, the court may consider facts alleged in the notice of removal, judicial admissions made by the plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied"). Federal law is clear in that punitive damages are considered in determining the amount in controversy. See LeBlanc v. Spector, 378 F. Supp. 301, 306 (D. Conn. 1973), See also Tackett v. Kidder, 616 F.2d 1050, 1053 (8th Cir. 1980). As the allegations now asserted in the Complaint make clear including claims for compensatory and punitive damages, and each Plaintiff is making a claim which place each claim in excess of the amount of $75,000.00, thereby satisfying the jurisdictional minimum for removal to this Honorable Court.

17. Generally, under federal law, a notice of removal shall be filed within 30 days after service of an initial pleading under 28 U.S.C. § 1446 (b). However, a statutory exception exist if the case as stated in the initial pleading is not removable may be removed within 30 days after receipt by the defendant an "amended pleading, motion, order or **other paper** from which is may be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446 (b)(3)(emphasis added). Also, "If the case stated by the initial pleading is not removable solely

because the amount in controversy does not exceed the amount specified in section 1332(a), information…in responses to discovery, shall be treated as an "other paper" under subsection (b)(3)." Id at 1446 (c)(3)(A). Federal District Courts have stated that "If by their content answers to interrogatories adequately set forth the basis of federal jurisdiction, and thereby put the defendant on notice that a suit is removable, they clearly serve the purpose for which the second paragraph of § 1446(b) is intended. *Cabibbo v. Einstein/Noah Bagel Partners, L.P.*, 181 F. Supp. 2d 428, 433 (E.D. Pa. 2002). Here, the Plaintiffs' responses to Defendant's Request for Admissions were served on September 1, 2023, which would permit under the Rules removal based on their responses by statute until October 1, 2023.

18. Upon the filing of this Notice, Defendant has given written notice thereof to the attorney for the Plaintiff of the removal proceedings and notice with the Circuit Court of Mobile County, Alabama, all in accordance with the law. (Exhibit D).

WHEREFORE, Progressive prays that the removal of this action be affected to the United States District Court for the Southern District of Alabama, and no further or other proceedings may be had with respect to this matter in the Circuit Court of Mobile County, Alabama, pending a final decision and determination of controversy in the said United States District Court.

Respectfully submitted,

*S/ Kenneth A. Hitson, Jr.*
KENNETH A. HITSON, JR. (HITSK9097)
*Attorney for Defendant Progressive Hawaii Insurance Corporation*

**OF COUNSEL:**
Holtsford Gilliland Hitson Howard
Stevens Tuley & Savarese, P.C.
Merritt Building II

6483 Van Buren Street
Daphne, Alabama 36526
khitson@hglawpc.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have this 28th day of September, 2023, electronically filed the foregoing, using the Alafile system and/or via US mail will send notification of the filing to the following:

Britt V. Bethea
51 N. Florida Street
Mobile, Alabama 36607
(251) 478-1115
bbethea@greenephillips.com
*Attorney for Kacie Lesky and Gwen Christiansen*

S. Scott Sasser
Webster Henry
(334) 887-0111
ssasser@websterhenry.com
*Attorney for Metropolitan Direct Property & Casualty Ins. Co. and Farmers Direct Property & Casualty Ins. Co.*

Doris Bonilla
19 Wesley Road
Columbia, MS 39429

*S/ Kenneth A. Hitson, Jr.*
**OF COUNSEL**